Nicholson, C. J.,
delivered the opinion of the court.
This is an action for money had and received, and for money paid, by Thomas H. Sturgess against Calvin Colt and Henry Crumless, in the Circuit Court *191 of Roane county. The facts necessary to be noticed are as follows:
Sturgess was appointed postmaster at Kingston, in Roane county, but not being a resident of the town, and not able to attend to the office in person, he arranged with Calvin Colt and Henry Crumless, partners in merchandizing in Kingston, to keep the office in their store. He appointed James D. Colt, a clerk in the store, and also one or both of the partners, his deputies to manage the post-office. Crumless was Sheriff of the county, and the business of the office was attended to chiefly by his partner, Calvin Colt, and their clerk, J. D. Colt. It appears that the receipts of money in the post-office amounted to about $371, most of which was credited to the post-office on the cash books of the firm. Upon the dissolution of the firm, the money of the post-office, which had been used in the business of the firm, had not been paid over to the post-office department. An order was drawn by the department on Sturgess, the postmaster, for the amount not accounted for, which was paid by him. He thereupon brought this suit against the two partners, Calvin Colt and Henry Crumless, for money had and received and for money paid, etc.
The jury rendered a verdict for the plaintiff, on which there was judgment, from which defendant appealed in error to this court.
It is assigned as error that the Circuit Judge refused to charge that “if the jury should believe that defendants, Calvin and James D. Colt, or either of them, used the post-office money in the partnership *192 business or otherwise; it was an illegal act, and that Crumless would not be liable for the money so used unless it was done with his knowledge or consent.”
The Circuit Judge declined to charge as requested, but charged the jury — “That if one of the, defendants, without the knowledge or consent of the other as such deputy, appropriated the post-office money to his own individual use, and failed to account therefor, then such one only would be liable.” This was not a response to the proposition submitted by the defendant. The request was that the Judge would instruct the .jury that if one or both of the defendants, J. D. Colt and Calvin Colt, appropriated the money to the business of the firm, it would be an illegal act, for which Crumless, the other partner, would not be liable, unless it was shown that he had knowledge of the illegal appropriation of the money or consented to it. The response is, that such would be the consequence if either of the defendants appropriated the money to his individual use. There is a material difference between the propositions, and defendant had the right to have the instructions of the court on the proposition stated by him
It is next assigned as error, that the court allowed the plaintiff to read in evidence a letter from defendant, Calvin Colt, to plaintiff, written several months after the dissolution of the partnership. In this letter he says that the claim in suit was a partnership liability, and that in selling out to Crumless, the liabilities of the firm were assumed by Crumless, and that he alone is now liable to pay the same.
*193 '.Objection was made to the reading of the letter, on the ground that after thé dissolution of the firm Colt had no power to make an acknowledgment that would create a liability on Crumless. This objection was well taken, and ought to have been sustained. In Belote v. Wynn, 7 Yer., 534, it was decided that “after a dissolution of a partnership, no partner can create a cause of action against the other partners, except by a new authority communicated to him for that .purpose.” Mr. Parsons, in his work on Partnership, p. 390, says he considers the rule, as to the powers of partners after dissolution, to be, that no contract can be made by one partner after dissolution by which the others will be bound, unless such contract is necessary for settling up the business of the firm in the most judicious manner.” The letter read to the jury not only contained an acknowledgment of the liability of the firm, thereby fixing liability upon Crumless, but it also contained evidence of an agreement between Crumless and himself, by which Crumless alone was to be liable for the post-office claim. The admission of such proof was erroneous.
For the errors indicated the judgment is reversed.